IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GENERAL ATOMICS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2505C (Judge Wolski) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO STAY

Defendant, the United States, respectfully requests that the Court stay proceedings in this case pending the issuance of a decision upon the Government's motions for partial summary judgment in Florida Power & Light Co. v. United States, No. 98-483C (Fed. Cl.).[1] Counsel for defendant has contacted counsel for plaintiff, and counsel for plaintiff has indicated that plaintiff does not oppose this motion.

This case is one of more than 30 cases that have been filed in this Court relating to the Department of Energy's alleged breach of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste" ("Standard Contract"), published at 10 C.F.R. 961.11. The basic terms of each Standard Contract into which each of the nuclear power reactor owners entered are virtually identical, although it appears that the

[1] In addition, to the extent that he has not already done so, we respectfully request that, in accordance with the Chief Judge's order dated May 22, 2001, the Clerk of the Court notify the Chief Judge of this case. See Order, at 2 (May 22, 2001) ("Court further directs the Clerk of the Court to notify the Chief Judge of any related cases that are filed after the date of this Order.")

payment terms of the contract that the plaintiff in this case, General Atomics, entered differ from the contract terms of the other plaintiffs with cases currently pending before this Court. Specifically, each Standard Contract provides that the Government will begin its program of accepting spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") from the commercial nuclear industry by January 31, 1998. See 10 C.F.R. 961.11, Art. II. However, the Standard Contract does not specify any mandatory minimum "rate" at which the Department of Energy ("DOE") would be required to continue that SNF and/or HLW acceptance after January 31, 1998. Instead, the Standard Contract contained a contractual mechanism by which, based upon the age of each SNF assembly generated and owned by each Standard Contract holder, a queue for SNF acceptance would be developed that would determine the order in which DOE would accept any particular SNF from the Standard Contract holders, with a rate of acceptance to be determined at a date after contract formation.

In all but one of the SNF cases that were pending when General Atomics filed its complaint, we filed motions for partial summary judgment, seeking to resolve various issues relating to the contractual schedule for acceptance of the Standard Contract holders' SNF and HLW upon which the Court would base any award of damages in these cases. Absent identification of the acceptance schedule under which DOE is obligated to accept any particular contract holder's SNF and/or HLW, the Court has no basis upon

which to measure damages in these cases, given that it would be unable to identify which costs were incurred solely as a result of DOE's delay and which costs would have been incurred regardless of that delay.

By order dated April 16, 2003, a copy of which is attached to this motion, the Chief Judge of this Court identified six of the SNF cases pending before four different judges "as 'lead' or 'accelerated' cases for resolution of dispositive motions." Order, at 2 (Apr. 16, 2003). He also ordered that "the remaining cases captioned above shall be STAYED unless affirmatively ordered to proceed by the presiding judge in any individual case." Id.

Although three of the four judges who are presiding over the "lead" or "accelerated" SNF cases have issued decisions upon the Government's partial summary judgment motions, we are awaiting decision in the Florida Power case. We understand from a recent status conference in Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.), that the Florida Power decision is expected to be issued shortly, with the potential that this issue will quickly be presented to the Federal Circuit for resolution. To date, all of the cases that were stayed by the Chief Judge's April 16, 2003 order have remained stayed. Further, the same issues that exist in those cases also exist in this case.

We respectfully request that the Court stay proceedings in

this case pending a decision in the Florida Power case. It is well-settled that this Court possesses the inherent power to order the conduct of litigation as necessary to achieve the just, speedy, and inexpensive resolution of every action. Landis v. North American Co., 299 U.S. 248, 254 (1936); see Clinton v. Jones, 520 U.S. 681, 706 (1997) ("District Court has broad discretion to stay proceedings"). This power includes the power to stay proceedings to await the disposition of matters relevant to the case at hand that are being litigated and evaluated in another proceeding or forum. Landis, 299 U.S. at 254; Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); Caparco v. United States, 28 Fed. Cl. 736, 737-38 (1993). We believe that a stay in this case will better ensure a uniform result regarding this crucial issue in the evaluation of any damage claims in these cases, will better ensure a coordinated approach to the resolution of these issues, and will reduce the possibility of wasted resources and expenses.

For the foregoing reasons, we respectfully request that the Court stay proceedings in this case.[2]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

---

[2] If the Court denies this motion, we respectfully request that the Court grant us 21 days from the date of any order denying the motion within which to file our response to General Atomics' complaint. Counsel for defendant has contacted counsel for plaintiff, and counsel for plaintiff has indicated that plaintiff does not oppose this request.

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

December 29, 2003