**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **GENERAL ATOMICS** | ) |
| Plaintiff, | ) Case No. 03-2505C |
| v. | ) |
| | ) Judge Wolski |
| **UNITED STATES OF AMERICA,** | ) |
| Defendant. | ) |

**PLAINTIFF'S REPORT IN RESPONSE TO NOTICE OF PRE-DISCOVERY CONFERENCE IN NEW SNF CASES**

Plaintiff, General Atomics (for these purposes "GA" or "Plaintiff"), respectfully submits the following report in response to the Court's Notice of Pre-Discovery Conference in New SNF Cases, filed April 13, 2004 (the "Pre-Discovery Notice").

As a threshold matter, the Court, on March 2, 2004, granted a temporary stay of this lawsuit until September 2, 2004, based upon a "Joint Motion for Temporary Stay" filed by Plaintiff and Defendant on February 24, 2004. In accordance with the Court's Order granting the Stay, the parties are to file with the Court an agreed-upon stipulation or joint status report no later than September 2, 2004. Accordingly, the Government has not filed an Answer or a "Motion to Stay all Proceedings or, in the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues" in this case. As reflected in the "Joint Motion for Temporary Stay," GA does *not* presently desire to engage in affirmative or responsive discovery (coordinated or otherwise), or other active litigation such as substantive motions practice. General Atomics, unlike most other plaintiffs in the spent fuel cases, is not (and has never been) an operator, or full or part owner, of a commercial nuclear power plant reactor. Further, the ongoing litigation in

other spent fuel cases over the rate of acceptance of spent fuel by the Department of Energy ("DOE") (the subject of the Government's standard dispositive motion referenced in the Pre-Discovery Notice) is not relevant to this lawsuit. Given the age and minimal quantity of spent nuclear fuel stored at GA's facility, all of GA's spent fuel would have been accepted by DOE in 1998, the first year of expected DOE performance under the Standard Contract, even under the 900 MTU/yr. rate of acceptance asserted by the Government to be its contractual obligation.

As noted in the prior Joint Motion, representatives of GA, the DOE, and the Department of Justice ("DOJ") have initiated a dialog regarding the circumstances of General Atomic's spent nuclear fuel storage. One potential result of this dialog would be an arrangement that would obviate the need for this damages lawsuit to be prosecuted. Because of the stay granted by the Court and the discussions between the parties, GA has not yet developed or finalized its discovery plans or objectives with regard to this lawsuit. GA respectfully suggests that it would be premature to require it to do so now and could potentially reduce the chances of a negotiated arrangement.

Nevertheless, in accordance with the Court's Pre-Discovery Notice, GA submits the following information regarding its discovery plans and objectives:

1. *The nature and scope of discovery GA anticipates needing to respond to the Government's standard dispositive motion on the rate of acceptance*: As noted above, this lawsuit is now stayed. The Government has not yet filed a dispositive motion on the rate of acceptance in this lawsuit, and, indeed, such a motion may be irrelevant in this case given the old age and minimal quantity of spent fuel stored by GA. Moreover, extensive discovery and motions practice on such issues are precisely the sort of costly, time consuming, and resource-intensive activities that GA would desire to avoid, if possible.

Nevertheless, if the Government were to file such a motion in this case and GA be compelled to respond, GA anticipates that it would, to the extent practicable, take advantage of discovery, including depositions, previously provided in the older spent fuel cases on related issues in order to respond to the motion. In such a scenario, the obvious first step would be for GA to acquire and review the existing discovery record, but, beyond that, it is not possible at this time for GA to identify more specific formal discovery plans or schedules on this issue.

2. *Any circumstance that may affect the timing of discovery or trial*: As noted above, GA is not like most other plaintiffs in the spent fuel cases, and many of the issues raised in those cases, including the rate of acceptance of spent fuel, may not be relevant to this case. As noted in the prior Joint Motion for a stay, GA, the DOE, and the DOJ have initiated a dialog regarding the circumstances of GA's spent nuclear fuel storage which could potentially result in an arrangement that would obviate the need for this damages lawsuit to be prosecuted. In order to allow these discussions to proceed unhindered, the Court granted a temporary stay of this matter until September 2, 2004.

3. *If known, whether discovery, including depositions, previously provided in the old cases on the same issues, would suffice in the new SNF case (if the Government consented to its full use in the new case)*: Again, GA believes that there is some chance that much, if not all, of the discovery taken in the older cases may not ever be necessary for this case. Assuming, however, that there was some need for development of a factual record on such issues in this case, GA does not now know whether discovery, including depositions, previously provided in the older spent fuel cases would suffice for purposes of this lawsuit. GA understands that an extensive discovery record was developed in those older cases and GA would anticipate, to the maximum extent practicable, making use of that discovery. However, as GA's spent fuel

circumstances are different from most of the other spent fuel plaintiffs and as GA does not yet have access to that material (and the Government has not yet stated when or how it plans to provide such access), it is simply not possible at this time for GA to commit to forego the independent discovery rights to which it is entitled under the Rules.

4. *Additional responses to the issues raised in defendant's motion to stay or coordinate discovery*: GA suggests that it provide Judge Wolski with an update of its discovery plans and schedules, if necessary, in a report to be submitted to the Court at the end of the temporary stay. This additional time will enable GA to continue its dialog with DOE and DOJ regarding a possible negotiated arrangement and assess the Government's proposed plans regarding access to and use of existing discovery materials, which are to be provided as part of the Government's response to this Pre-Discovery Notice.

## CONCLUSION

For the reasons described above, GA believes it is unnecessary and premature for the Court, at this time, to develop or implement any formal coordinated discovery plans. Instead, GA suggests that it provide Judge Wolski with an update of its discovery plans and schedules, if necessary, in a report to be submitted to the Court at the end of the temporary stay currently in place in this case.

s/ Brad Fagg

Brad Fagg (Counsel of Record)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile

April 23, 2004

Of Counsel:

Paul M. Bessette
MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Plaintiff
General Atomics

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 23rd day of April, 2004, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Paul Bessette