**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GENERAL ATOMICS,** Plaintiff, v. **UNITED STATES OF AMERICA,** Defendant. | ) | Case No. 03-2505C (Judge Wolski) |

**JOINT STATUS REPORT AND STIPULATION FOR EXTENSION OF TEMPORARY STAY**

Pursuant to the Court's order dated April 3, 2006, the parties respectfully file this joint status report, and jointly request an extension of the current stay in this case, until July 31, 2007.

As the parties have previously explained, this case is one of a number of "spent nuclear fuel" cases pending before this Court in which a plaintiff is seeking damages arising from takings theories and the alleged breach by the Department of Energy ("DOE") of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High Level Radioactive Waste," the material terms of which are recited at 10 C.F.R. § 961.11. However, General Atomics, unlike most plaintiffs in these so-called spent nuclear fuel cases, is not (and never has been) an operator, or full or part owner, of a commercial nuclear power reactor. Approximately 56 cases involving the Government's actions in connection with spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") are currently pending in the Court of Federal Claims.[1]

[1] Eight other cases have been dismissed voluntarily or by joint stipulation, while a ninth case, Indiana Michigan Power Co. v. United States, 98-486C (Fed. Cl.), has been appealed and has been the subject of an opinion by the Federal Circuit. Indiana Michigan Power Company v. United States, 422 F.3d 1369 (Fed. Cir. 2005). Another case, PSEG Nuclear, LLC v. United States, No. 01-551C, is currently pending before the Federal Circuit, pursuant to an interlocutory appeal. Tennessee Valley Authority v. United States, 69 Fed. Cl. 516 (2006), was also resolved, without appeal.

The parties believe that a stay in this case is currently warranted for several reasons. As in several other SNF/HLW cases pending before the Court, the parties believe that in this case the interests of efficiency and economy support the currently-requested defined extension of the stay. Indeed, savings of the significant costs of discovery concerning many issues that the parties agree might be dispositively resolved in other cases are among the chief reasons for continuing the current stay for the defined period.

The parties agree that the Court should issue a modest and reasonable continuation of the stay of all proceedings, including discovery, until July 31, 2007. The parties do not presently desire to engage in affirmative or responsive discovery, or other active litigation such as substantive motions practice. This is because there is at least a reasonable chance that the dispositive resolution of legal and factual issues in previously-filed cases in which similar claims are being pursued by other plaintiffs could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary. These issues may include, among others, the viability of takings claims regarding SNF/HLW, upon which judges of this Court have differed, and issues regarding recovery of specific types of damages under a partial breach of contract theory. These issues have been or are expected to be presented in the trials that are currently scheduled to occur during the coming year.[2] Resolution of these issues in such cases could facilitate agreements by the parties in this lawsuit, or at a

minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case. Moreover, definitive resolution of those issues could potentially affect the scope of pre-trial discovery.[3]

The parties request that the stay be continued until July 31, 2007. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case.[4]

As noted above, the parties desire this case to be stayed, and therefore desire to defer setting a schedule for the filing of any dispositive motions. Similarly, the parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions and what discovery might be necessary, and that it is premature at this time to commit to filing such motions or to engage in active discovery. Finally, should the Court determine that it

---

2 While the Court of Appeals resolved certain issues regarding future damages in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), the court there did not address many of the other issues regarding damages that will likely be implicated in this case. Such issues may, however, be addressed, or at least informed, by several cases in which trials have been, or will soon be, completed. Those cases include Yankee Atomic Elec. Co. v. United States, No. 98-126C (Fed. Cl.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.); Sacramento Municipal Utility District v. United States, No. 98-488 (Fed. Cl.), Southern Nuclear Operating Company v. United States, 98-614C (Fed. Cl.), and Pacific Gas & Electric Company v. United States, 04-0074C (Fed. Cl.). The trial court in Tennessee Valley Authority v. United States, 69 Fed. Cl. 516 (2006), addressed certain categories of contract breach damages, but did not address takings claims.

3 In addition, as the parties have previously apprised the Court, the parties have in the past engaged in discussions regarding the circumstances of General Atomics' spent nuclear fuel, one possible result of which would be an arrangement that would obviate the need for this damages lawsuit to be prosecuted. For a variety of reasons, further such discussions have not occurred for some time, but General Atomics desires to renew that dialog. While it is impossible to predict the outcome of any discussions between the parties, General Atomics would like to continue pursuing these efforts, and the parties believe that a continuation of the current temporary stay would facilitate that process.

4 The parties note that the stays in several other spent nuclear fuel damages cases have been extended for these reasons, following the Indiana Michigan decision. E.g., TXU Generation Company, LP v. United States, 04-98 (Fed. Cl.) (Order dated November 23, 2005); General Electric Company v. United States,, 04-107C (Fed. Cl.) (Order dated December 28, 2005); General Electric Company v. U.S.,, 04-108C (Fed. Cl.) (Order dated December 28, 2005); The Cleveland Electric Illuminating Company et al. v. United States, No. 04-69C (Fed. Cl.) (Order dated December 28, 2005).

desires to lift the stay over the objection of the parties, the parties respectfully request that the Court schedule a status conference first, so that they may be heard more fully on these issues.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-5191 - telephone
(202) 739-3001 – facsimile

s/ Scott R. Damelin
SCOTT R. DAMELIN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 616-0478 - telephone
(202) 514-8640 - facsimile

Attorneys for Defendant
United States of America

Of Counsel:
Paul M. Bessette
MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Plaintiff General Atomics

September 26, 2006

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 26th day of September, 2006, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Brad Fagg